No. 95-038

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ARDELL MARY PECK,

      Plaintiff and Respondent,

   v.

RIVERVIEW LOUNGE, INC.,

      Defendant and Appellant.

FILED

JUL 25 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Robert J. Emmons, Emmons & Sullivan, Great Falls,
Montana

     For Respondent:

        Dennis Patrick Conner, Attorney at Law, Great
Falls, Montana

Submitted on Briefs:   June 1, 1995

Decided:   July 25, 1995

Filed:

                                  Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Riverview Lounge, Inc. (Riverview), appeals the decision of the Eighth Judicial District Court, Cascade County, granting Ardell Mary Peck's motion for a new trial. We affirm.

The sole issue on review is whether the District Court erred in granting Peck's motion for a new trial.

Peck filed a complaint in the Eighth Judicial District Court, Cascade County, alleging she was injured during a slip and fall accident on Riverview property. The dispute ultimately proceeded to a jury trial. During closing arguments, Riverview's attorney made several allegedly improper and prejudicial comments to the jury. The jury returned a verdict in favor of Riverview. Peck moved the District Court for a new trial.

Peck filed a document entitled "Plaintiff's Motion for New Trial and Brief in Support." This was a single, three-page document. The motion section of the document set forth the statutory grounds for a new trial while the brief section set forth the particular facts upon which a new trial was justified.

Riverview objected to the motion for a new trial, claiming that no improper or prejudicial comments were made during closing arguments and that Peck failed to state the particular grounds in support of her motion for a new trial as required by the Montana Rules of Civil Procedure. The District Court granted Peck's motion for a new trial. The court found that Riverview's attorney had argued facts outside the record during closing argument. The court went on to conclude that the argument was prejudicial and warranted

2

a new trial.  The court also found that Peck's Motion for New Trial and Brief in Support satisfied the requirements of a motion for a new trial.

Riverview appeals only on the grounds that Peck's Motion for New Trial and Brief in Support did not satisfy the technical requirements for a motion for a new trial.

### Issue

Did the District Court err in granting Peck's motion for a new trial?

We review a district court's granting of a motion for a new trial to determine if there was a manifest abuse of discretion. Stanhope v. Lawrence (1990), 241 Mont. 468, 787 P.2d 1226.

Riverview argues that Peck failed to strictly comply with Rules 7(b)(1) and 59(a), M.R.Civ.P., because her motion for a new trial did not state with particularity what grounds she felt warranted a new trial.  Riverview argues that Peck's motion for a new trial should not be granted due to her failure to comply with these rules.

Peck insists that her motion did comply with the relevant rules of civil procedure.  Peck claims that her motion for a new trial and her brief in support of her motion for a new trial were submitted to the District Court as a single document and should therefore be considered together.

Rule 7(b)(1), M.R.Civ.P., states:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, <u>shall state with particularity the grounds therefor</u>, and shall set forth the relief or

3

order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(Emphasis added.) Rule 59(a), M.R.Civ.P., states, in relevant part:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana.
>
> A motion for a new trial shall state with particularity the grounds therefor, it not being sufficient merely to set forth the statutory grounds, but the motion may be amended, upon reasonable notice, up to and including the time of hearing the motion.

(Emphasis added.)

The general rule is that a motion for a new trial must be denied if the movant does not state with particularity the grounds for the motion. See Halsey v. Uithof (1975), 166 Mont. 319, 532 P.2d 686. However, in this case, Peck did not fail to state with particularity the grounds for her motion; rather, the reasons were included under the heading of "Brief" rather than under the heading of "Motion." The brief and the motion were contained within the same three-page document. The document was served upon Riverview within ten days following Notice of Entry of Judgment as mandated by Rule 59(b), M.R.Civ.P. Although contained under the heading "Brief" rather than under the heading "Motion," the document did set forth with particularity the grounds upon which the motion was based.

In reference to the Rules of Civil Procedure, we recently stated:

> The rules should be followed at all times by any practicing attorney. In this case, the Landowners' counsel

4

> failed to abide by the mandates and did not specifically set out grounds on which any hearing should have occurred. Considerable evidence was allowed subsequent to the District Court's order granting summary judgment. <u>Nonetheless, we have stated that the rules encourage disposition of cases on their merits and therefore we will consider all evidence presented to the District Court</u>. (Citations omitted.)

Adams v. Department of Highways (1988), 230 Mont. 393, 398-99, 753 P.2d 846, 849 (emphasis added).

Riverview does not allege that Peck failed to state the particular grounds for a new trial, but merely that the motion is fatally flawed because the particular grounds were listed under the heading of "Brief" rather than under the heading of "Motion." Such a technical flaw is not fatal to Peck's case.

Rule 8(e)(1), M.R.Civ.P., states, in part, "[n]o technical forms of pleading or motion are required." Also, in its findings of fact, the District Court correctly pointed out:

> The Defendant had notice from December 9, 1994, the date of service of Plaintiff's Motion for New Trial and Brief in Support, of the precise grounds on which Plaintiff sought relief. This finding is further supported by this Court's observation of Defendant's preparedness for the hearing, including by Defendant's brief, by Defendant's submission of excerpts of trial testimony and final argument, and by defense counsel's oral argument at the hearing.

Riverview clearly knew on what grounds Peck sought a new trial and was not prejudiced by the specific grounds being listed in the brief section rather than the motion section of Plaintiff's Motion for New Trial and Brief in Support.

We conclude that the Plaintiff's Motion for New Trial and Brief in Support satisfied the notice requirements of Rules 7(b)(1) and 59(a), M.R.Civ.P. The District Court did not manifestly abuse

5

its discretion in granting Peck's motion for a new trial. Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6